**Creitz & Serebin LLP**

Joseph A. Creitz, CBN 169552
joe@creitzserebin.com
Lisa S. Serebin, CBN 146312
lisa@creitzserebin.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.466.3090 (tel)
415.513.4475 (fax)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA MERCIERI, an individual,<br><br>            Plaintiff,<br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation in its capacities as a fiduciary administrator and insurer of the Google, Inc. Employee Life Insurance Plan,<br><br>            Defendants. | Case No.: 19-cv-2487<br><br>COMPLAINT FOR BENEFITS AND FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) |

# JURISDICTION

1. Jurisdiction of this Court is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States.

# VENUE

2. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in that the employee benefit plan that is the subject of Plaintiff's claims is administered in this District and/or the breaches described below occurred within the territorial limits of this District and/or a defendant may be found within the territorial limits of this District.

# PARTIES

3. GINA MERCIERI, (hereinafter "Ms. Mercieri" or "Plaintiff") at all times mentioned herein was, a participant, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in the Google, Inc. Employee Welfare Benefit Plans, which at all times included a Life Insurance Plan (the "Plan"). Plaintiff is, and at all times pertinent herein was, a resident of the city and county of San Francisco, California.

4. The Plan is, and at all times mentioned herein was, an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). The Plan is named as a defendant in this action solely to ensure complete relief.

5.    Plaintiff is informed and believes that Defendant METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") is, and at all times mentioned herein was, a corporation formed under the laws of the state of New York; with its principal place of business in New York, New York; licensed to do business in California; and doing business throughout the state of California. At all relevant times relevant herein, the Plan provided life insurance coverage and benefits to employees of Google, Inc., including Plaintiff, funded by a group policy of insurance contract with MetLife. MetLife is the claims fiduciary responsible for paying benefits under the Plan and making all determinations regarding eligibility and benefits under the Plan. As such, MetLife is a plan administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). As plan administrator, and as an entity that exercised discretion over Plan administration and assets, MetLife is, and at all times mentioned herein was, a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). As a fiduciary that makes benefit determinations and funds those same benefits, MetLife operates under an inherent structural conflict of interest.

## FACTUAL ALLEGATIONS

6.    Ms. Mercieri was an employee of Google, Inc., and during her tenure was a participant in the Plan.

7.    Upon termination of employment, the Plan terms allowed participating employees to convert their life insurance coverage to individual coverage within a specified window of time. Under the Plan such conversions were to be effectuated without proof of insurability.

8.    Ms. Mercieri is an individual with serious disabilities and health issues that make purchasing an individual policy of life insurance on the open market impossible. The only vehicles by which she can secure life insurance

coverage are group employee benefit plans, and, if appropriate (as here) conversion plans arising from group employee benefit plans.

9. Ms. Mercieri delivered to MetLife the required paperwork and initial premium payment to convert her plan within the time prescribed by the Plan.

10. After the deadline for submitting the conversion paperwork, MetLife rejected Ms. Mercieri's conversion request and returned the premiums paid. MetLife falsely claimed that the paperwork and funds had been submitted late. MetLife invited her instead to apply for an individual policy of life insurance that would have required her to submit proof of insurability.

11. Ms. Mercieri alleges, on information and belief that the Plan does not properly confer discretionary authority upon MetLife to interpret or construe the Plan. To the extent that the Plan does confer discretionary authority upon MetLife to construe the Plan, California Insurance Code Section 10110.6 renders such discretionary authority void as a matter of California law.

## FIRST CAUSE OF ACTION

(Breaches of Fiduciary Duty Under ERISA § 502(a)(3))

28. Ms. Mercieri realleges and incorporates by reference all allegations contained in the foregoing paragraphs, as if fully stated herein.

29. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

30. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and

familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

31. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

32. ERISA further imposes upon fiduciaries a duty of candor that requires fiduciaries to communicate thoroughly and honestly with participants and beneficiaries about matters that could impact their entitlement to benefits and/or the calculation thereof.

33. In committing the acts and omissions herein alleged, MetLife breached its fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D), as well as its duty of candor.

34. Ms. Mercieri is informed and believes, and thereon alleges, that MetLife has allowed other similarly situated employees to convert their group life insurance coverage to individual policies of life insurance without delay or obfuscation. MetLife's refusal to process Ms. Mercieri's conversion constitutes a breach of its fiduciary duties in violation of ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B), and the ERISA fiduciary duty of candor. Wherefore, Ms. Mercieri is entitled to appropriate equitable relief including but not limited to injunction and surcharge.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Mercieri prays judgment as follows:

A. For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in the form of retroactive and prospective restoration the right to convert and to participate in the conversion Plan;

B. Alternatively, for appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a declaration of her rights hereunder with respect to MetLife; an injunction against further failure to allow conversion and/or participation, and/or surcharge for any pecuniary injuries Ms. Mercieri has suffered as a consequence of MetLife's breaches of its ERISA fiduciary duties, including but not limited to the life insurance benefits Ms. Mercieri's beneficiary would be entitled to upon her death had MetLife honored her right to convert the plan;

C. For reasonable attorneys' fees and costs incurred by Ms. Mercieri in the prosecution of this action pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

D. For pre-judgment interest and post-judgment interest on any and all amounts awarded to Ms. Mercieri; and

E. For all such other relief as the Court deems appropriate and equitable.

DATED this 2nd day of May 2019.

Creitz & Serebin LLP

By   /s/ Joseph A. Creitz
    Joseph A. Creitz
    Lisa S. Serebin
    Attorneys for Plaintiff Gina Mercieri